JOSEPH H. DEXTER, Plaintiff, *v.* BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, March 12, 1943.

*A. Mark Levien* for plaintiff.

*William C. Chanler, Corporation Counsel (Nicholas Bucci* of counsel), for defendant.

STEUER, J. The motion is to strike out certain defenses and for judgment on the pleadings in an action by an instructor in the City College against the Board of Higher Education for salary. The motion concerns the validity of the affirmative defenses. Plaintiff was appointed an instructor in physics on September 1, 1929, for a period of one year and was reappointed annually thereafter until September 1, 1938. His annual salary at the beginning of his services was $2,616 which continued until 1931 when he was paid $2,772. In September, 1932, he was paid $2,940 which continued until 1938 when he was given tenure as an instructor. His salary continued the same until July 30, 1942, when he was raised to $4,404 per annum. No question is presented for the period up to August 15, 1935, because it is conceded that any deficiency prior to that date is barred by the Statute of Limitations.

Plaintiff's contention is that according to the schedules filed pursuant to section 889 of the Education Law he was entitled to an annual increase in salary beginning in 1930 which, according to the terms of the schedule, would bring his salary up to the maximum of $4,500 in 1940. The defendant's first point in opposition is that until 1938, or until plaintiff received tenure, he was not entitled to any increase because up till that time he was a temporary instructor rather than an instructor and so not entitled to any increment. To put the position conversely the claim is that plaintiff was appointed annually with the effect that each year there was a hiring *de novo* which was not related to plaintiff's prior service. The difficulty with defendant's

contention is that there is no position of temporary instructor provided for in the schedules. There is only one kind of instructor mentioned. Defendant contends that its by-laws contained qualifications for the appointment of instructors which plaintiff could not meet so that he could not have been appointed a regular instructor. Nevertheless, he was appointed and although his qualifications did not improve he was made a member of the permanent staff. It is true that plaintiff agreed to an appointment as temporary instructor, but as there is no such position, and never was, this agreement is without significance. Defendant concedes that since plaintiff was appointed to the permanent staff he would be entitled to increments. The only difference between the parties results from the difference in date when the increments should commence.

The second and fourth defenses are the same as those ruled ineffective in *Nelson* v. *Board of Higher Education* (288 N. Y. 649). The third defense met a similar fate in *Litvin* v. *Board of Higher Education* (Supreme Court, New York County, N. Y. L. J. June 18, 1941, p. 2737).

There being no further issue in the case the motion must be granted and the clerk is directed to enter judgment accordingly.